Germain D. Labat (Cal. Bar No. 203907)
germain.labat@gmlaw.com
**GREENSPOON MARDER LLP**
1875 Century Park East, Suite 1900
Los Angeles, CA 90067
Tel: 323.880.4539
Fax: 954.771.9264

*Attorneys for Defendant*
*POLYMER80, INC.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CLAUDIA APOLINAR and EMMANUEL PEREZ-PEREZ,<br><br>Plaintiffs,<br><br>v.<br><br>POLYMER80, INC., a Nevada corporation; and DOES 1-50;<br><br>Defendants. | CASE NO.:<br><br>**NOTICE OF POLYMER80, INC. OF REMOVAL OF STATE COURT ACTION PURSUANT TO <u>28 U.S.C. §§ 1332, 1441, AND 1446</u>**<br><br>[Superior Court of the State of California, County of Los Angeles Case No. 21STCV29196]<br><br>Complaint Filed: 8/9/2021<br>Complaint Served: 8/12/2021<br>Amended Complaint Filed: 8/20/2021<br>Amended Complaint Served: 8/24/2021<br><br>[No Hearing Required] |

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441(a)-(b), and 1446, defendant Polymer80, Inc., a Nevada corporation ("Polymer80"), hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, Western Division. As set forth below, Polymer80 has complied with the requirements for removal under 28 U.S.C. §§ 1441 and 1446, and this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND

On August 9, 2021, plaintiffs Claudia Apolinar and Emmanuel Perez-Perez filed a Complaint for Damages and Injunctive Relief ("Complaint") against Polymer80 in the Superior Court of the State of California for the County of Los Angeles, Case No. 21STCV29196 ("State Court Action"). Plaintiffs filed a First Amended Complaint for Damages on August 20, 2021 ("FAC" or "First Amended Complaint"). Copies of said Complaint and First Amended Complaint are attached as **Exhibit A**. Specifically, plaintiffs assert two claims against Polymer80 for negligence and public nuisance arising out of the allegations that Polymer80 purportedly "manufactured, advertised, and sold firearm kits . . . used to ambush Plaintiffs." FAC ¶¶ 3, 115-130).

## II. DIVERSITY JURISDICITON EXISTS UNDER 28 U.S.C. § 1332(a).

This Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1332, because there is complete diversity among the properly served and joined parties, and the amount in controversy exceeds the sum of $75,000.

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

NOTICE OF REMOVAL

1

### A.     <u>Complete Diversity Exists Between Polymer80 And Plaintiffs.</u>

The diversity requirement is met, since plaintiffs and all the properly joined defendants are completely diverse. *See* 28 U.S.C. § 1332(a)(1). "An individual is a citizen of the state in which he is domiciled." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002). *See also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Garza v. Brinderson Constructors, Inc.*, 178 F. Supp. 3d 906, 913 (N.D. Cal. 2016); *Chavarria v. Mgmt. & Training Corp.*, No. 16-cv-617, 2016 WL 11621563, at *4 (S.D. Cal. May 13, 2016). Plaintiff Claudia Apolinar is domiciled in the State of California and so is a California citizen. FAC ¶ 31. Likewise, plaintiff Emmanuel Perez-Perez is domiciled in the state of California and so is a California citizen. *Id*. Thus, both plaintiffs are citizens only of the State of California.

A corporation shall be deemed to be a citizen of the State in which it is incorporated and of the State where it has its principal place of business. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Polymer80 is incorporated under the laws of the State of Nevada, and Nevada is Polymer80's principal place of business. Declaration of Daniel McCalmon ("McCalmon Decl.") at ¶¶ 1-2.

Finally, the removal statute specifically provides that "[f]or purposes of removal [ ], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Thus, the presence of Does 1 through 50 in the Complaint does not defeat diversity jurisdiction. *See Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1226 (E.D. Cal. 2005) (holding that the presence of Does 1 through 50 in a Complaint did not defeat diversity jurisdiction). Because fictitious Does 1 through 50 are to "be disregarded," the only relevant defendant is Polymer80, a citizen of the State of Nevada. Therefore, there is complete diversity here. *See* 28 U.S.C. § 1332(a)(1). Moreover, the only relevant defendant, Polymer80, consents to removal. *See* McCalmon Decl. at ¶ 3.

*GREENSPOON MARDER*
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

NOTICE OF REMOVAL

2

### III. THIS NOTICE OF REMOVAL IS TIMELY, BECAUSE POLYMER80'S COUNSEL ONLY RECENTLY RECEIVED NOTICE THAT THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

Plaintiffs served Polymer80 with a copy of the Complaint on August 12, 2021, and with a copy of the First Amended Complaint on August 24, 2021. A copy of the Summons served on Polymer80 is attached as **Exhibit B**.

Polymer80 is removing this case pursuant to 28 U.S.C. § 1446(b), which provides two separate thirty-day periods in which to remove the case. "[T]he first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). *Accord Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1237-38 (9th Cir. 2014); *Ruiz v. Walmart Inc.*, No. 20-cv-1129, 2020 WL 2029976, at *3-*4 (C.D. Cal. Apr. 28, 2020). Here, it is not clear on the face of either the Complaint or the First Amended Complaint that the amount in controversy alleged by plaintiffs is greater than $75,000. *See Harris*, 425 F.3d at 695 ("The face of [the] initial pleading[s] did not affirmatively reveal information to trigger removal based on diversity jurisdiction."). Rather, plaintiffs only allege that "the amount in controversy exceeds $25,000." FAC ¶ 31.

Accordingly, Polymer80 removes this case pursuant to the second thirty-day window provided by 28 U.S.C. § 1446(b)(3): "a notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order, or other paper' from which is can be ascertained from the face of the document that removal is proper." *Harris*, 425 F.3d at 694, quoting 28 U.S.C. § 1446(b). "Other paper" can include communications among counsel to both parties revealing for the first time that the statutory threshold for amount in controversy has been met, such as where "[p]laintiffs' counsel specifically stated in communications with [d]efendants' counsel that each [p]laintiff seeks a six-figure recovery." *Bryant v. Bar Louie Anaheim Inc.*, No. 10-cv-0906, 2010 WL 11595816, at *3-*4 (C.D. Cal. Aug. 13, 2010). *See also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th. Cir. 2002); *Chavarria*, 2016 WL 11621563, at

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

NOTICE OF REMOVAL
3

*4 n.4. On September 27, 2021, an attorney at the undersigned law firm wrote to counsel to plaintiffs by e-mail, asking, in part: "do you believe that the amount in controversy exceeds $75,000?" Later on September 27, 2021, counsel to plaintiffs responded, in relevant part: "Yes, we do believe that the value of both of our clients' cases exceeds $75,000." A copy of this e-mail chain is attached as **Exhibit C**.

Polymer80 is filing this notice within thirty days after receipt of counsel's e-mail specifying that plaintiffs are seeking over $75,000. *See id*. While it had been clear from the pleadings that there was complete diversity among the parties, only upon receipt of this e-mail did it became clear that the amount in controversy exceeded $75,000, and that removal was possible pursuant to 28 U.S.C. 1332(a). *See Ruiz*, 2020 WL 2029976, at *3-*4 ("The thirty-day clock for removal was triggered upon" defendant's receipt of plaintiff's "responses to form interrogatories . . . describing the charges to date from health care providers for injuries attributed to the incident totaling at minimum $298,2293.94, and . . . describing her lost wages totaling $54,000 as of the date of her response," which was "the first document received by [defendant] that revealed the amount in controversy [plaintiff] seeks to recover."). As a consequence, an earlier removal was not possible, and removal here and now is timely and appropriate. *See* 28 U.S.C. § 1446(b)(3).

## IV. ALL PROCESS, PLEADINGS, AND ORDERS ARE ATTACHED.

Exhibits A and B constitute all the process, pleadings, and Orders served upon Polymer80 in the State Court Action. *See* 28 U.S.C. § 1446(a). In addition, a copy of the documents electronically filed on the docket in the State Court Action is attached as **Exhibit D**. Pursuant to 28 U.S.C. § 1446(d), Polymer80 is filing a Notice of Filing of Notice of Removal, which attaches this Notice, with the Clerk in the State Court Action and serving this Notice on all adverse parties. A copy of the Notice of Filing of Notice of Removal that will be filed is attached as **Exhibit E**.

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

NOTICE OF REMOVAL
4

## V. POLYMER80'S RESERVATION OF RIGHTS AND NON-WAIVER OF DEFENSES

Along with the filing of this Notice, Polymer80 expressly reserves and does not waive any and all defenses, objections, exceptions, rights, remedies, or obligations that may exist in its favor in either State or federal Court. Further, by and through this Notice, Polymer80 does not concede that the allegations in the First Amended Complaint are in any way accurate, and/or that plaintiffs have asserted claims against Polymer80 upon which relief can be granted, and/or that recovery of any of the amounts sought is authorized or appropriate. Polymer80 reserves the right to respond to or answer, move against, and/or otherwise respond to the First Amended Complaint in any manner provided by the Federal Rules of Civil Procedure. In addition, Polymer80 reserves the right to amend or supplement this Notice. If any questions arise as to the propriety of the removal of this action, Polymer80 hereby further requests the opportunity to present additional evidence and/or argument in support of the removal of this action.

## VI. CONCLUSION

Based on the foregoing, Polymer80 respectfully removes the State Court Action pending in the Superior Court of California, County of Los Angeles to this Court pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446. Accordingly, Polymer80 respectfully requests that this Court assume jurisdiction over this action and grant Polymer80 such other relief as may be deemed just and proper.

Dated:  October 22, 2021

                        Respectfully Submitted,
                        GREENSPOON MARDER LLP

                        /s/  *Germain D. Labat*
                        Germain D. Labat

                        *Counsel for Defendant Polymer80, Inc.*

*GREENSPOON MARDER*
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA  90067
TEL: 323.880.4520

NOTICE OF REMOVAL

5

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 22, 2021, I electronically filed the foregoing document with the Clerk of the Court via CM/ECF. I further certify that any party that entered an appearance in this matter will receive a copy of this document via CM/ECF. It is my understanding that Plaintiffs' counsel has not yet appeared in this matter, and therefore on October 22, 2021, I caused a copy of the foregoing document to be served on Plaintiffs' counsel in this action via overnight and electronic delivery at the address below:

Richard H. Schoenberger
Spencer J. Pahlke
Sara M. Peters
Walkup, Melodia, Kelly & Schoenberger, P.C.
650 California Street, 26th Floor
San Francisco, CA 94108-2615
Phone: (415) 981-7210
Fax: (415) 391-6985

Eric Tirschwell
Len Hong Kamdang
Everytown Law
450 Lexington Avenue, P.O. 4184
New York, NY 10017
Phone: (646) 324-8222
Fax: (917) 410-6932

*Attorneys for Plaintiffs*

I am readily familiar with the firm's practice of collection and processing items for delivery with Overnight Delivery. Under that practice such envelope(s) is deposited at a facility regularly maintained by Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this declaration was executed. That is the same process that was done here.

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

NOTICE OF REMOVAL

6

/s/ *Germain D. Labat*
Germain D. Labat

*Counsel for Defendant Polymer80, Inc.*

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

NOTICE OF REMOVAL

7